**UNITED STATES DISTRICT COURT**
**DISTRICT OF MARYLAND**
**(SOUTHERN DIVISION)**

CHAMBERS OF
THE HONORABLE GINA L. SIMMS
UNITED STATES MAGISTRATE JUDGE
MDD_GLSchambers@mdd.uscourts.gov

6500 CHERRYWOOD LANE
GREENBELT, MARYLAND 20770
(301) 344-0627 PHONE
(301) 344-8434 FAX

January 14, 2022

Theodore A. Melanson, Esq.
Mignini, Raab, Demuth and Murahari, LLP
606 Baltimore Avenue, Suite 101
Towson, MD 21204

Kavita Sahai, Esq.
Special Assistant United States Attorney
Social Security Administration
6401 Security Blvd., Room 617
Baltimore, MD 21235

RE:     *Troy Lee H. v. Kijakazi, Acting Commissioner of Social Security*[1]
        Civil No. GLS 20-3009

Dear Counsel:

Pending before this Court are cross-motions for summary judgment, filed by Plaintiff Troy Lee H., and the Social Security Administration. (ECF Nos. 14, 15). The Plaintiff has also filed a response to the Defendant's motion. (ECF No. 16). Upon review of the pleadings and the record, the Court finds that no hearing is necessary. *See* Local Rule 105.6. (D. Md. 2021).

The Court must uphold the decision of the Social Security Administration ("SSA" or "the Agency") if it is supported by substantial evidence and if the Agency employed proper legal standards. *See* 42 U.S.C. §§ 405(g), 1383(c)(3); *Craig v. Chater*, 76 F.3d 585, 589 (4th Cir. 1996). The substantial evidence rule "consists of more than a mere scintilla of evidence but may be somewhat less than a preponderance." *Craig*, 76 F.3d at 589. This Court shall not "re-weigh conflicting evidence, make credibility determinations, or substitute [its] judgment" for that of the SSA. *Id.* For the reasons set forth below, I will deny the motions, reverse the Commissioner's decision in part, and remand the case back to the SSA for further consideration.

## I.     BACKGROUND

On August 30, 2017, Plaintiff filed a Title II Application for Disability Insurance Benefits, alleging that disability began on May 26, 2017. (Tr. 16, 82). His claim was initially denied on October 18, 2017, and upon reconsideration, denied again on February 20, 2018. (Tr. 82, 92). On April 3, 2018, Plaintiff filed a written request for a hearing, which was granted. (Tr. 116). The hearing was conducted on March 21, 2019 by an Administrative Law Judge ("ALJ"). (Tr. 16, 28). On May 10, 2019 the ALJ found that Plaintiff was not disabled under sections 216(i) and 223(d)

---

[1] On July 9, 2021, Kilolo Kijakazi became the Acting Commissioner of the Social Security Administration, and is hereby substituted as a party consistent with Fed. R. Civ. P. 25(d).

*Troy Lee H. v. Kijakazi*
Civil No. GLS 20-3009
January 14, 2022
Page 2

of the Social Security Act. (Tr. 16-23). On April 17, 2020, the Appeals Council denied Plaintiff's request for review, and the ALJ's decision became the final and reviewable decision of the SSA. (Tr. 2-7). *See also* 20 C.F.R. § 422.210(a).

## II.     ANALYSIS PERFORMED BY THE ADMINISTRATIVE LAW JUDGE

The Social Security Act defines disability as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A). An individual is deemed to have a disability if his/her "physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work . . . which exists in significant numbers in the region where such individual lives or in several regions of the country." 42 U.S.C. § 423(d)(2)(A).

To determine whether a person has a disability, the ALJ engages in the five-step sequential evaluation process set forth in 20 C.F.R. §§ 404.1520; 416.920. *See e.g., Barnhart v. Thomas,* 540 U.S. 20, 24-25 (2003); *Mascio v. Colvin*, 780 F.3d 632, 634-35 (4th Cir. 2015). The steps used by the ALJ are as follows: step one, assess whether a claimant has engaged in substantial gainful activity since the alleged disability onset date; step two, determine whether a claimant's impairments meet the severity and durations requirements found in the regulations; step three, ascertain whether a claimant's medical impairment meets or equals an impairment listed in the regulations ("the Listings"). If the first three steps are not conclusive, i.e., a claimant's impairment is severe but does not meet one or more of the Listings, the ALJ assesses the claimant's residual functional capacity ("RFC"). A claimant's RFC is the most that a claimant could do despite her/his limitations, through consideration of claimant's "'medically determinable impairments of which [the ALJ is] aware,' including those not labeled severe at step two." *Mascio*, 780 F.3d at 635 (quoting 20 C.F.R. § 416.945(a)). At step four, the ALJ analyzes whether a claimant could perform past work, given the limitations caused by her/his impairments; and at step five, the ALJ analyzes whether a claimant could perform jobs other than what the claimant performed in the past, and whether such jobs exist in significant numbers in the national economy.

At steps one through four, it is the claimant's burden to show that she is disabled. *Bowen v. Yuckert,* 482 U.S. 137, 140-42 (1987); *Monroe v. Colvin*, 826 F.3d 176, 179-80 (4th Cir. 2016). If the ALJ's evaluation moves to step five, the burden then shifts to the SSA to prove that a claimant has the ability to perform work and, therefore, is not disabled. *Hunter v. Sullivan*, 993 F.3d 31, 35 (4th Cir. 1992).

Here, the ALJ evaluated Plaintiff's claim by following the sequential evaluation process outlined above. (Tr. 17-19). At step one, the ALJ initially found that Plaintiff had not engaged in substantial gainful activity since May 26, 2017, the alleged disability onset date. (Tr. 18). At step two, the ALJ found that Plaintiff suffered from the following severe impairments: degenerative disc disease, osteoarthritis, rheumatoid arthritis, and obesity. (Tr. 18). The ALJ found these impairments were severe because they met the "*de minimus* requirements of severity and as such

*Troy Lee H. v. Kijakazi*
Civil No. GLS 20-3009
January 14, 2022
Page 3

significantly limit[ed] the ability to perform basic work activities as required by SSR 85-28." (*Id.*). However, at step three, the ALJ also determined that none of Plaintiff's impairments or combination of impairments met or medically equaled one or more of the Listings. (*Id.*). Taking into account Plaintiff's severe impairments, the ALJ next assessed the claimant's RFC. The ALJ determined that Plaintiff had the RFC to:

> perform light work as defined in 20 C.F.R. 404.1567(b), except the claimant can occasionally climb ramps and stairs, but never climb ladders, ropes, or scaffolds. Additionally, the claimant can occasionally balance, stoop, kneel, crouch and crawl, but could never tolerate extreme cold. The claimant can occasionally work at unprotected heights and around mechanical parts. Furthermore, the claimant can frequently handle and finger with the bilateral extremities and frequently operate foot controls with the bilateral lower extremities.

(Tr. 19). At step four, the ALJ found that Plaintiff was unable to perform past relevant work. (Tr. 21). The ALJ conducted a hearing. At that hearing, a vocational expert ("VE") testified about whether a hypothetical person with the same age, education, and work experience as the Plaintiff with his RFC could perform Plaintiff's prior work as a shipping clerk or farm laborer. (Tr. 49). The VE testified that this hypothetical individual would not be able to perform Plaintiff's past work. (*Id.*). The ALJ then posed several additional hypothetical questions to the VE. After considering the VE's testimony, at step five, the ALJ ultimately determined that Plaintiff was not disabled, because he could perform other work existing in significant numbers in the national economy, e.g., as a router, inspector, or a sorter. (Tr. 22-23, 49-51).

## III.    DISCUSSION

On appeal to this Court, Plaintiff contends that, at step three of the sequential evaluation process, the ALJ did not adequately analyze whether any of Plaintiff's severe impairments meets or equals the Listings. Specifically, the ALJ's evaluation consisted merely of "conclusory statements," and he did not explain how he analyzed the medical evidence to determine that Plaintiff's severe impairments did not meet or medically equally the Listings. According to Plaintiff, the ALJ's error was material and not harmless. (ECF No. 14-1, pp. 13-18). The Agency counters that substantial evidence supports the ALJ's step three findings, as the ALJ "properly explained why Plaintiff's cervical impairment did not meet or equal Listing 1.04A." (ECF No. 15-1, p. 7). Alternatively, assuming that this Court finds that the ALJ's step three analysis was flawed, any such error was harmless, as "the record lacks credible evidence of at least one of the required symptoms for Listing 1.04 A." (*Id.*, p. 8).

I have reviewed all of the pleadings and the record. I find that remand is appropriate, for the reasons set forth below.

Pursuant to 20 C.F.R. §§ 404.1520(a)(4), 404.1525, 404.1526, at step three of the sequential evaluation process, an ALJ ascertains whether a claimant's medical impairment meets

*Troy Lee H. v. Kijakazi*
Civil No. GLS 20-3009
January 14, 2022
Page 4

or equals an impairment listed in the regulations ("the Listings").[2]   According to 20 C.F.R. §
404.1525(c)(3), each section of the Listings specifies "the objective medical and other findings
needed to satisfy the criteria of that listing." For a claimant's impairment to meet a section of the
Listings, it must "satisfy all of the criteria [set forth in that listing]." 20 C.F.R. § 404.1525(c)(3).
Alternatively, if a claimant's impairment does not meet the criteria of a listing, "it can medically
equal the criteria of a listing." 20 C.F.R. § 404.1525(c)(5). The Agency explains its rules related
to medical equivalence in 20 C.F.R. § 404.1526.

       In *Fox v. Colvin*, 632 Fed. Appx. 750 (4th Cir. 2015), the ALJ at step three found that none
of the claimant's severe impairments met or equaled any criteria in any part of the Listings. The
ALJ also summarily opined that none of the evidence "showed medical findings that are equivalent
to any of [the Listings]," and that the ALJ had "considered, in particular, section 9.00(B)(5) and
11.14." 632 Fed. Appx. at 755. The Fourth Circuit reversed the district court's judgment finding
that substantial evidence supported the ALJ's decision. Specifically, the *Fox* court found the
ALJ's analysis to be defective because it was based on "conclusory statements" rather than
"[a] specific application of the pertinent legal requirements to the record evidence.'" *Id.* (quoting
*Radford v. Colvin*, 734 F.3d 288, 291-92 (4th Cir. 2013)). In addition, the *Fox* court did not find
that the ALJ's failure constituted harmless error despite evidence in the record to support the notion
that the claimant's impairments did not meet a listing. The Fourth Circuit made clear that it is not
a reviewing court's province to analyze the evidence like an ALJ, nor should the court "speculate
as to how the ALJ applied the law to [the] findings." Rather, the ALJ must explain the evidence
analyzed and how that translates into a claimant's failure to meet a specifically-identified listing.
632 Fed. Appx. at 755. Thus, per *Fox*, an ALJ's finding that a claimant does not meet or equal a
listing must include: (a) a specific discussion of the claimant's record evidence that was analyzed;
and (b) a clear explanation of how the ALJ applied the pertinent listing criteria to that evidence.
*See Id.*

       In this case, the relevant sections of the Listings are Listing 1.02 (major dysfunction of the
joints), Listing 1.04(disorders of the spine), and Listing 14.09 (inflammatory arthritis). The ALJ's
step three finding was that none of Plaintiff's impairments met or equaled the Listing. (Tr. 18-19).
The ALJ opined:

              In making this finding, the undersigned has given particular
              consideration to the [Plaintiff's] physical impairments (*See* Sections
              1.00 et. seq., *Musculoskeletal System*). Specifically, the undersigned
              considered listings 1.02 *major dysfunction of the joints*, 1.04
              *disorders of the spine* and 14.09 *inflammatory arthritis.* Despite the
              claimant's combined impairments, the medical evidence did not
              document listing-level severity, and no medical source mentioned
              findings equivalent in severity to the criteria of any listed
              impairment, individually, or in combination (*See* Ex. 1F, 14; Ex. 5F,
              4, 22).

---

[2] Pursuant to 20 C.F.R. § 404.1525(a), the Listings "describ[e] each of the major body system impairments that the
Agency consider[s] to be severe enough to prevent an individual from doing any gainful activity."

*Troy Lee H. v. Kijakazi*
Civil No. GLS 20-3009
January 14, 2022
Page 5

(Tr. 18-19).  I find that the ALJ did articulate that he "considered" Plaintiff's impairments and the Listings and summarily cited to five exhibits. However, the ALJ's opinion does not explain how he analyzed these medical records to determine that Plaintiff's impairments failed to meet or equal particular sections of the relevant listings, e.g., Listing 1.04A.  (Tr. 18-19).  This is problematic where the ALJ did refer in another part of his opinion to Exhibits 1F, 5F, and 14, which seem to be consistent with Plaintiff suffering from a disorder of the spine.  (Tr. 20).  This condensed analysis is similar to the inadequate analysis in *Fox*.

The Agency's arguments that "Plaintiff fails to cite to a single examination confirming the required findings to meet [e.g.,] Listing 1.04A," and "the record fails to document at least one of the required criteria" are misplaced.  (ECF No. 15-1, p. 7).  The *Fox* court made clear that it is improper for a court to "review the record" to try to explain why an ALJ made a determination that a claimant's impairments do not meet listing criteria.  *Fox*, *supra*, 632 Fed. Appx. at 755; *see also, Radford*, 734 F.3d at 295.  This Court cannot, as the Agency suggests, review the medical records and determine whether "the record lacks credible evidence of at least one of the required symptoms for Listing 1.04A."  (*See* ECF No. 15-1, p. 8).  Instead, the ALJ must clearly explain how he/she applied the pertinent listing criteria to that evidence. *See Fox*, *supra*; *see also Trasco v. Comm'r, Social Security Administration*, Civ. No. SAG 15-1842, 2016 WL 1261047, *4 (D. Md. Mar. 29, 2016)(ALJ's failure to apply the requirements of the Listings to the medical evidence warrants remand).

Accordingly, remand is warranted so that the ALJ can explain his application of Listings to the specific evidence in Plaintiff's case.

## IV.    CONCLUSION

For the reasons set forth above, Plaintiff's Motion for Summary Judgment, (ECF No. 14), is **DENIED** and Defendant's Motion for Summary Judgment, (ECF No. 15), is **DENIED**. In addition, consistent with sentence four of 42 U.S.C. § 405(g), the Agency's judgment is **REVERSED**, and the case is **REMANDED** for further proceedings in accordance with this opinion.

Despite the informal nature of this letter, it should be flagged as an opinion and docketed as an order.  The Clerk of the Court is directed to **CLOSE** this case.

Sincerely,

_____/s/_____
The Honorable Gina L. Simms
United States Magistrate Judge