UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND
(SOUTHERN DIVISION)

CHAMBERS OF
THE HONORABLE GINA L. SIMMS
UNITED STATES MAGISTRATE JUDGE



6500 CHERRYWOOD LANE
GREENBELT, MARYLAND 20770

October 2, 2023

LETTER OPINION

    RE:    *Troy Lee H. v. Kijakazi, Acting Commissioner of Social Security*
            Civil No. GLS-20-3009

Dear Counsel:

Plaintiff's counsel, Theodore Anthony Melanson, Esq. filed a line for attorney's fees pursuant to the Social Security Act, 42 U.S.C. § 406(b), seeking $13,481.98. (ECF No. 21, "Line"). The Acting Commissioner of the Social Security Administration ("the Commissioner" or "the Agency") filed a response to the Line, neither supporting nor opposing the requested relief. Rather, the Commissioner defers to the judgment of the Court to determine whether the fee request is reasonable. (ECF No. 23, p. 1). This matter has been fully briefed, accordingly, I find that no hearing is necessary. *See* Local Rule 105.6 (D. Md. 2023). For the reasons set forth below, the Line will be **DENIED.**

    I.    BACKGROUND

On October 16, 2020, Plaintiff petitioned this Court to review the Social Security Administration's final decision to deny his claim. (ECF No. 1). Plaintiff's case was fully briefed before this Court, including the filing of a motion for summary judgment, the Commissioner's opposition thereto, and a reply from Plaintiff. (ECF Nos. 14-16). On January 14, 2022, this Court issued a Letter Opinion, remanding Plaintiff's claim to the Social Security Administration for further proceedings, consistent with sentence four of 42 U.S.C. § 405(g). (ECF No. 17).[1]

On February 18, 2022, Plaintiff's counsel petitioned this Court for attorney's fees, to which the Commissioner filed a response. (ECF Nos. 18, 19). On February 25, 2022, the Court awarded Mr. Melanson $3,083.08 for 14.5 hours worked on Plaintiff's case, pursuant to the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412. (ECF No. 20). On February 14, 2023, Plaintiff received a favorable decision from the Agency, which resulted in an award of past-due Social Security disability benefits. (*See* ECF No. 21-1, p. 1). In total, Plaintiff was awarded $53,927.92 in past-due benefits. (ECF No. 21, p. 1). On June 16, 2023, Mr. Melanson filed the Line, seeking $13,481.98, or 25 percent of Plaintiff's award. (ECF No. 21). On April 26, 2023, the Agency filed

---

[1] In the Letter Opinion remanding the case for further proceedings the Court provides a more complete recitation of the procedural background of this case. (ECF No. 17, pp. 1-2).

*Troy Lee H. v. Kijakazi, Acting Commissioner of Social Security*
Civil No. GLS-20-3009
October 2, 2023
Page 2

a response. (ECF No. 23).

## II.     STANDARD OF REVIEW

Under the Social Security Act, an attorney may recover a "reasonable fee" for his representation of an individual who receives a favorable decision related to an application for disability benefits. 42 U.S.C. § 406(b)(1). However, an attorney's fee may not exceed 25 percent of an individual's past-due benefits award. *Id.*

When an attorney seeks an award pursuant to a contingent fee agreement, a court has an obligation to independently review the agreement to ensure that it will "yield reasonable results," i.e., a reasonable fee, given the facts of the case. *Gisbrecht v. Barnhart*, 535 U.S. 789, 807 (2002). A court enjoys broad discretion when deciding what award, if any, is reasonable. *See Mudd v. Barnhart*, 418 F.3d 424, 427 (4th Cir. 2005).

To determine whether a request for attorney's fees pursuant to 42 U.S.C. § 406(b) is reasonable, a court may consider a variety of factors such as: (1) whether the fee is "out of line" with the character of the representation and the results achieved; (2) any delay caused by counsel that caused past-due benefits to accumulate during the pendency of the case; and (3) whether the past-due benefits award is "large in comparison" to the time counsel spent on the case, i.e., whether the requested fee would result in a "windfall." *See Mudd*, 418 F.3d at 428 (citing *Gisbrecht*, 535 U.S. at 808 ("If the benefits are large in comparison to the amount of time counsel spent on the case, a downward adjustment is similarly in order")).

Following *Mudd*, in this District, courts have adopted the practice of evaluating whether a fee award will result in a "windfall" by first calculating the hourly rate that will result from the contingent fee agreement, i.e., the contingent fee award divided by the hours actually worked on the matter. *See Myisha G. v. Saul*, Civ. No. DLB-19-720, 2021 WL 2661503, at *1 (D. Md. June 29, 2021). Then, this hourly rate is compared to the presumptively reasonable hourly rates outlined in the Local Rules of the United States District Court for the District of Maryland ("Local Rules"), Appendix B.[2] If the hourly rate resulting from a contingent fee agreement in a particular case far exceeds the presumptively reasonable rate set forth in the Local Rules, it is less likely that the requested fee is reasonable. *Id*. However, in cases where an attorney's advocacy results in a favorable decision, courts in this District routinely approve hourly rates that are "much higher" than those outlined in the Local Rules. *See e.g.*, *Id.* at *2; *Gregory K. v. Saul*, Civ. No. DLB-19-2235, 2021 WL 4391263, at *2 (D. Md. Sept. 24, 2021); *Craig C. v. Comm'r Soc. Sec. Admin.*, Civ. No. SAG-17-2782, 2019 WL 2076247, at *2 (D. Md. May 10, 2019); *Steven S. v. Comm'r Soc. Sec. Admin.*, Civ. No. JMC-19-1055, 2022 WL 18024793, at *2 (D. Md. Jan 24, 2022).

Furthermore, although a court may only award fees under the Social Security Act for

---

[2] Although they do not govern Social Security cases, the Local Rules prescribe guidelines for determining attorney's fees in certain cases, which are instructive in evaluating the reasonableness of the effective hourly rate in this case. *See* Local Rules, App'x B, n. 1 (D. Md. 2023) (stating that Local Rules do not govern "social security and Prisoner Litigation Reform Act cases").

*Troy Lee H. v. Kijakazi, Acting Commissioner of Social Security*
Civil No. GLS-20-3009
October 2, 2023
Page 3

"court-related work," in performing its "reasonableness inquiry," a court may also consider the legal work performed by counsel when the matter was before the Agency. *See Myisha G.*, 2021 WL 2661503, at *1. This is because that legal work can inform a court about, e.g., the complexity of the case, the lawyering skills necessary to provide representation, and the significance of the results achieved. *Myisha G.*, 2021 WL 2661503, at *1 (citing *Mudd*, 418 F.3d at 428).

Finally, if a court finds that an attorney is entitled to a fee award under the Social Security Act, and such attorney has already received an award for attorney's fees under the EAJA, then the attorney must reimburse his client the smaller of the two fees. *Gisbrecht*, 535 U.S. at 796; *Stephens ex rel. R.E. v. Astrue*, 565 F.3d 131, 135 (4th Cir. 2009).

### III.  ANALYSIS

Mr. Melanson does not provide any argument in support of the Line. Instead, Mr. Melanson merely provides a brief summary of the benefits Plaintiff received on remand and informs the Court that he is seeking 25% of the total past-due benefits award. In addition, Mr. Melanson attached documents pertinent to the administrative proceedings and the "Notice of Award" letter. (*See* ECF Nos. 21 through 21-2).

Upon review of the Line the Court finds that Mr. Melanson's Line is untimely and therefore must be denied. Attached to the Line is the "Notice of Award" letter which notifies Plaintiff of the favorable award decision. (ECF No. 21-2). The letter is dated February 21, 2023. (*Id.*). Mr. Melanson filed the Line on June 16, 2023, nearly **four months** later. (ECF No. 21). The Local Rules set forth the timing requirements related to motions for attorney's fees, providing the following:

> [T]he motion **must** be filed **within thirty (30) days of the date of the Notice of Award letter** sent to the claimant and the attorney at the conclusion of the Social Security Administration's past-due benefit calculation.

*See* Local Rule 109.2(c) (emphasis added). The Local Rules also provide that "[n]oncompliance with these time limits shall be deemed to be a waiver of any claim for attorney's fees." Local Rule 109.2(a). As held above, the date of the "Notice of Award" letter in this case is February 21, 2023. (ECF No. 21-2). Thus, Mr. Melanson filed the Line nearly three months after the deadline imposed by the Local Rules. Furthermore, the Line fails to address the timeliness deficiency, instead, briefly stating that the Notice of Award letter was not received by his office until June 12, 2023. (ECF No. 21).

Nowhere in the Line does Mr. Melanson provide an explanation as to why the Notice of Award letter was not received by his office until June 12, 2023. In the absence of any reasonable explanation as to why the Line is untimely, the Court will not ignore the clear language of the Local Rules. *See Matthews v. Colvin*, Civ. No. SAG-09-1410, 2014 WL 309645, at *2 (D. Md. Jan. 24, 2014) ("His November 19, 2013, petition was submitted sixty-three days after the date of the Notice of Award, thereby clearly violating the thirty-day deadline imposed by Local Rule

*Troy Lee H. v. Kijakazi, Acting Commissioner of Social Security*
Civil No. GLS-20-3009
October 2, 2023
Page 4

109.2(c). In accordance with Local Rule 109.2(a), his non-compliance is deemed to be a waiver of any claim for attorney's fees"); *Currier v. Colvin*, Civ. No. SAG-10-805, 2014 WL 4232727, at *2 (D. Md. Aug. 22, 2014) (same). Thus, Mr. Melanson's request is denied.

### IV.     CONCLUSION

For the reasons set forth above, the Line is **DENIED.** The Clerk of the Court is directed to **CLOSE** this case.

Despite the informal nature of this letter, it should be flagged as an opinion and docketed as such. A separate Order follows.

Sincerely,

/s/
The Honorable Gina L. Simms
United States Magistrate Judge